IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. TERRY LEROY BRASDA, Defendant. | Cause No. CR 14-96-GF-BMM  ORDER |

On August 22, 2016, Defendant Brasda moved the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 794 to the United States Sentencing Guidelines. Brasda is a federal prisoner proceeding pro se.

The Court sentenced Brasda on March 25, 2015. He did not appeal. His sentence became final when his time to appeal expired on April 8, 2015. *See Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

The Sentencing Commission amended the commentary to U.S.S.G. § 3B1.2 on November 1, 2015, to broaden the circumstances that could support a downward adjustment for a defendant who plays a minor role in the offense. *See* U.S.S.G. § 3B1.2 Application Note 3 (Nov. 1, 2015). Brasda asks the Court to re-sentence him under the new commentary with a minor role reduction.

Amendment 794 applies to defendants whose sentences were not yet final

when the amendment was enacted on November 1, 2015. *See United States v. Quintero-Leyva*, 823 F.3d 519, 521 (9th Cir. 2016). The *Quintero* court pointed out in a footnote that the case "did not present the issue of whether, under the Amendment, a defendant who has exhausted his direct appeal can move to reopen sentencing proceedings." The *Quintero* court declined to reach this issue. *Id.* at 521 n.1. Brasda now presents this issue.

18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 come closer to addressing this issue. Section 3582(c)(2) authorizes a court to reopen a final sentence "based on a sentencing range that has subsequently been lowered" only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement regarding sentence reductions under § 3582(c)(2), can be found in U.S.S.G. § 1B1.10. The Commission has not included Amendment 794 in the very small group of "covered amendments" that are effective retroactively to sentences that are final. *See* U.S.S.G. § 1B1.10(a)(1), (d) (Nov. 1, 2015). The Commission has not explicitly excluded Amendment 794.

It appears that some ambiguity exists whether a reduction for Brasda, whose sentence became final more than six months before Amendment 794 was enacted, would be consistent with the applicable policy statement in U.S.S.C. § 1B1.10(d). A reduction that comports with the policy statement could be authorized by 18 U.S.C. § 3582(c)(2).

Accordingly, IT IS HEREBY ORDERED that the government file a response with the Court concerning Brasda's motion to reduce the sentence (Doc. 824).

DATED this 13th day of September, 2016.

Brian Morris
United States District Court Judge