# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> TERRY LEROY BRASDA, <br><br> Defendant. | Cause No. CR 14-96-GF-BMM <br><br> **ORDER DENYING MOTION TO REDUCE SENTENCE** |

Defendant Brasda moved the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 794 to the United States Sentencing Guidelines on August 22, 2016. Brasda is a federal prisoner proceeding pro se.

The Court sentenced Brasda on March 25, 2015. He did not appeal. His sentence became final when his time to appeal expired on April 8, 2015. *See Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

The Sentencing Commission amended the commentary to U.S.S.G. § 3B1.2 on November 1, 2015, to broaden the circumstances that could support a downward adjustment for a defendant who plays a minor role in the offense. *See* U.S.S.G. § 3B1.2 Application Note 3 (Nov. 1, 2015). Brasda asks the Court to re-sentence him under the new commentary with a minor role reduction.

Amendment 794 applies to defendants whose sentences were not yet final

1

when the amendment was enacted on November 1, 2015. *See United States v. Quintero-Leyva*, 823 F.3d 519, 521 (9th Cir. 2016). The *Quintero* court pointed out in a footnote that the case "did not present the issue of whether, under the Amendment, a defendant who has exhausted his direct appeal can move to reopen sentencing proceedings." The *Quintero* court declined to reach this issue. *Id.* at 521 n.1. Brasda now presents this issue.

18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 come closer to addressing this issue. Section 3582(c)(2) authorizes a court to reopen a final sentence "based on a sentencing range that has subsequently been lowered" only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement regarding sentence reductions under § 3582(c)(2), can be found in U.S.S.G. § 1B1.10. Section 1B1.10(a)(2)(A) in particular states that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—[n]one of the amendments listed in subsection (d) is applicable to the defendant." The Court may not entertain a sentence reduction because the amendment Brasda motioned under—Amendment 794—is not enumerated in USSG § 1B1.10(d).

A reduction for Brasda, whose sentence became final before Amendment 794 was enacted, would not be consistent with the applicable policy statement in

2

U.S.S.C. § 1B1.10(d) and is not authorized by 18 U.S.C. § 3582(c)(2).

Accordingly, IT IS HEREBY ORDERED that Brasda's motion to reduce the sentence (Doc. 824) is DENIED.

DATED this 3rd day of October, 2016.

Brian Morris
United States District Court Judge