IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TERRY LEROY BRASDA,<br><br>Defendant. | Cause No. CR 14-96-GF-BMM<br>CV 17-89-GF-BMM<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Terry Leroy Brasda's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Brasda is a federal prisoner proceeding *pro* se.

On August 29, 2017, the Court explained that Brasda's claim lacked merit, but he was given an opportunity to allege any additional facts that could show his sentence was unlawful when it was imposed or was otherwise subject to collateral attack. *See* Order (Doc. 646). Brasda responded on September 18, 2017 (Doc. 847) by defending the timeliness of his motion under 28 U.S.C. § 2255(f)(4).

Regardless of the motion's timeliness, it lacks merit. Brasda seeks an adjustment of his advisory guideline calculation to reflect his claim that he played a minor or minimal role in the offense. He relies on Amendment 794 to U.S.S.G. § 3B1.2 to support the claim. In order to prevail in a § 2255 motion, Brasda must

1

show that his sentence was unlawful when it was imposed, or is "otherwise subject to collateral attack." *See* 28 U.S.C. § 2255(a).

If Amendment 794 had changed the law of the Ninth Circuit, Brasda might, be able to rely on it to show that his sentence was unlawful when it was imposed. Amendment 794 adopted the approach that had long been used in the Ninth Circuit, including at the time Brasda was sentenced. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016); *see also, e.g.*, *United States v. Cantrell*, 433 F.3d 1269, 1282-84 (9th Cir. 2006); *United States v. Benitez*, 34 F.3d 1489, 1497-98 (9th Cir. 1995), *cited in* Mot. to Reduce Sentence (Doc. 824) at 2. Therefore, Amendment 794 does not demonstrate that Brasda's sentence was unlawful when it was imposed. Brasda has not alleged any additional facts that could support an inference that he is entitled to relief under 28 U.S.C. § 2255.[1] His motion will be denied.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

---

[1] The record shows Brasda was not so clearly deserving of a minor or mitigating role adjustment that no competent counsel could have failed to seek it. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). Had it been sought, there is no reasonable probability it would have been granted. *See id.* at 694. Brasda contested the facts set forth in paragraph 14 of the Presentence Report, but there was evidence to support them.

2253(c)(2). The standard is satisfied if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Gonzalez*, 565 U.S. at 140 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Brasda has not shown he has been deprived of a constitutional right.

Accordingly, IT IS HEREBY ORDERED:

1. Brasda's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 844, 847) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Brasda files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 17-89-GF-BMM are terminated and shall close the civil file by entering judgment in favor of the United States and against Brasda.

DATED this 17th day of October, 2017.

Brian Morris
United States District Court Judge